1  CATHERINE M. CORFEE SBN 155064
2  CORFEE STONE & ASSOCIATES
   P.O. Box 1098
3  Carmichael, CA 95609
   Telephone:  (916) 487-5441
4  Facsimile:  (916) 487-5440

5  ATTORNEYS FOR DEFENDANT
   Keet Nerhan
6

7            **UNITED STATES DISTRICT COURT**

8            **NORTHERN DISTRICT OF CALIFORNIA**

9

10  PATRICK CONNALLY,                    )  Case No.:  3:15-cv-00601-JD
                                         )
11              Plaintiff,               )  **DEFENDANT KEET NERHAN'S**
                                         )  **MEMORANDUM OF POINTS AND**
12       vs.                             )  **AUTHORITIES IN SUPPORT OF**
                                         )  **OPPOSITION TO MOTION FOR**
13  RINO FAIRFAX GAS; KEET NEHRAN; and ) **SUBSTITUTION OF PLAINTIFF**
    AZUCENA FERRARO and GIAN CARLO       )
14  FERRARO, individuals dba FERRARO     )
    FAIRFAX SERVICE,                     )
15                                       )
                                         )
16              Defendants.              )
                                         )
17  _____  )

18

19              **I.   LAW AND ARGUMENT**

20          The Court should deny Plaintiff's motion to substitute because the only basis for federal

21  jurisdiction over this case, is the American's With Disabilities Act claim, which is now

22  extinguished by virtue of the death of the Plaintiff.  FRCP 25(a)(1) states:  "If a party dies and

23  the claim is not extinguished, the court may order substitution of the proper party."  This Court

24  has jurisdiction over this matter solely due to the federal ADA claim.  All of Plaintiff's state

25  claims are before the Court solely because of pendant jurisdiction.  Now that Plaintiff has died,

26  the ADA claim is extinguished due to the fact that the ADA provides only injunctive relief, i.e.,

27  an order to repair the property, to the Plaintiff.

28

                                         1

1    Plaintiff's death means that his ADA claims are now moot.  Title III of the Americans

2  With Disabilities Act prohibits public accommodations from discriminating against disabled

3  individuals "on the basis of disability in the full and equal enjoyment of goods, services,

4  facilities, privileges, advantages, or accommodations…" 42 U.S.C. § 12182.  The remedies for

5  public accommodation violations are contained in 42 U.S.C. §§ 12188(a)(1)-(2), which refers to

6  42 U.S.C. § 2000a-3(a).  A disabled plaintiff may seek only injunctive and declaratory relief.

7  42 U.S.C. § 12188.  Monetary damages are not available under the ADA in connection with

8  private suits.   *Injunctive relief is the sole remedy available to private parties under the*

9  *Disabilities Act; it does not authorize a claim for money damages."*  Antoninetti v. Chipotle

10  Mexican Grill, Inc., 643 F.3d 1165, 1174 (9Th Cir. 2012), emphasis added.

11    Since Plaintiff has died, his claims for injunctive relief under the ADA (and under state

12  law, for that matter) are now moot.  This is because the remedy of injunctive relief is available

13  to a Plaintiff so that the property will be accessible once he returns to the property.  Here, the

14  Plaintiff will not be returning.

15    A federal court has judicial power to determine ADA claims for injunctive relief where

16  there is a live case or controversy.  U.S. Const. Art. III, § 2; Doe v. Madison School District No.

17  321, et al., 177 F.3d 789, 797 (9th Cir. 1999); Dufrense, at 954.  "A party must maintain a live

18  controversy through all stages of the litigation process."  Madison, at 797-798.  "If an action or

19  claim loses its character as a live controversy, then the action or claim becomes "moot" and we

20  [the Court] lack jurisdiction to resolve the underlying dispute." *Id.* at 798 (citations omitted).  A

21  claim for injunctive relief is moot if "subsequent events made it absolutely clear that the

22  allegedly wrongful behavior could not reasonably be expected to recur."  Friends of the Earth, at

23  190.  The burden of persuading the Court lies with the party asserting mootness.  *Id*; Pickern v.

24  Best Western Timber Cove Lodge, & Marina Resort, 194 F.Supp.2d 1128, 1130 (E.D.Cal.

25  2002); Wander v. Kaus, 304 F.3d 856, 857 (9th Cir. 2002).

26    An action under the ADA may be dismissed as moot where the claimed injunctive relief

27  fails to present a live case or controversy.  Friends of the Earth, Inc. v. Laidlaw Environmental

28  Services, 528 U. S. 189, 190 (2000); Dufrense v. Veneman, 114 F.3d 952, 954 (9th Cir. 1997)

2

1  (Action by California residents under ADA to enjoin state and federal officials from aerial

2  pesticide spraying that allegedly exacerbated residents' chronic fatigue syndrome, was rendered

3  moot by apparent eradication of the Mediterranean fruit fly and the fact that the Department of

4  Agriculture had no plans in the foreseeable future for additional spraying to combat the Medfly;

5  speculation that there might be future spraying did not preserve claim as a live case or

6  controversy).

7      The Courts consistently hold that when a plaintiff is seeking only injunctive relief, the

8  case becomes moot upon the death of the plaintiff.  In Immel v. Lumpkin, 408 Fed.Appx. 921

9  (6th Cir. 2010), the Court stated:  "Immel sought only declaratory and injunctive relief regarding

10  her eligibility for Medicaid, and, therefore, upon her death, she no longer has a legally

11  cognizable interest in the outcome. United States v. City of Detroit, 401 F.3d 448, 450 (6th Cir.

12  2005) (internal quotation marks omitted); see also Bowman v. Corr. Corp. of Am., 350 F.3d

13  537, 550 (6th Cir. 2003) ("Given the fact that [the prisoner] is dead, any claim for injunctive

14  relief is moot . . . ."); Allen v. Mansour, 928 F.2d 404, 1991 WL 37832, at *1 (6th Cir. 1991)

15  (unpublished table decision) ("Mootness applies also to situations where . . . the plaintiff seeks a

16  declaratory judgment invalidating or modifying a state policy, since death prevents the plaintiff

17  from benefiting in any way from the requested relief.").  Immel v. Lumpkin, 408 Fed.Appx.

18  921-922 (6th Cir. 2010).

19      Because Plaintiff's ADA claim is now moot, the Court must decide if it will retain

20  pendant jurisdiction over Plaintiff's state claims.  Under 28 U.S.C. 1367(a), "in any civil action

21  of which the district courts have original jurisdiction, the districts courts shall have

22  supplemental jurisdiction over all other claims that are so related to claims in the action within

23  such original jurisdiction that they form part of the same case or controversy under Article III of

24  the United States Constitution."  28 U.S.C. 1367(a).  Under 28 U.S.C. 1367(c)(3), District

25  Courts may decline to exercise supplemental jurisdiction over a claim if the court has dismissed

26  all claims over which it has original jurisdiction.  See Acri v. Varian Associates, Inc., 114 F.3d

27  999, 1000 (9th Cir. 1997).  Factors courts consider in deciding whether to dismiss supplemental

28  state claims include economy, convenience, fairness, and comity. Id. at 1001; Pickern v.

3

1  Holiday Foods, Inc., 293 F.3d 1133, 1133 (9th Cir. 2002).  Primary responsibility for developing

2  and applying state law rests with the state courts.  "In the usual case in which federal law claims

3  are eliminated before trial, the balance of factors … will point toward declining to exercise

4  jurisdiction over the remaining state law claims."  Pickern, at 1130.

5      Other circuits have held that a court may retain jurisdiction over state law claims only if

6  extraordinary or unusual circumstances justify their retention.  Wentzka v. Gellman, 991 F.2d

7  423, 425 (7th Cir. 1993); Musson Theatrical, Inc. v. Federal Express Corp., 89 F.3d 1244, 1255

8  (6th Cir. 1996).  In Pickern v. Holiday Foods, Inc., 293 F.3d 1133, 1133 (9th Cir. 2002), which

9  was an ADA case in this District Court, Judge Shubb declined supplemental jurisdiction

10  because the plaintiff made no showing of extraordinary or unusual circumstances and having to

11  re-file an action in state court is not such an inconvenience that deserved an exercise of

12  supplemental jurisdiction.  Pickern, at 1133.

13      The principle of comity to the states also supports a refusal by this Court to exercise

14  supplemental jurisdiction.  See Carnegie-Mellon Univ. v. Cohill, 484 U.S. 343, 349-50 (1988).

15  The exercise of supplemental jurisdiction may be declined where a federal court's determination

16  of state-law claims could conflict with the principle of comity to the states.  Federal courts may

17  decline to exercise supplemental jurisdiction over claims (1) if the claim raises a novel or

18  complex issue of state law, (2) if the claim substantially predominates over the claim or claims

19  over which the district court has original jurisdiction, (3) the District Court has dismissed all

20  claims over which it had original jurisdiction, or (4) there are other compelling reasons for

21  declining jurisdiction.   28 U.S.C. § 1367(c).   There are compelling reasons for declining

22  supplemental jurisdiction over Plaintiff's state law claims which seek remedies that Congress

23  clearly intended to preclude under the ADA.  Molski v. Mandarin Touch Restaurant, 359

24  F.Supp.2d 924, 936 (C.D.Cal., 2005) (overruled on other grounds).

25      Other than the ADA, all of Plaintiff's claims are state law claims.  Such was one of the

26  reasons cited by the Molski court in declining to exercise supplemental jurisdiction over the

27  plaintiff's state law claims.  Molski, at 936.  Therefore, for the reasons stated above, this Court

28  should decline to exercise supplemental jurisdiction over Plaintiff's state claims.   It is also

important to note that not much had occurred in this case to date.  Other than exchanging Initial Disclosures, neither party had conducted any discovery.  Other than this motion, there have been no other motions.  In short, this case is at its earliest stages, and is therefore ripe to be refiled in state court, where it now belongs.

## II.   <u>CONCLUSION</u>

Due to the foregoing, Defendant respectfully requests that the Court deny Plaintiff's motion to substitute because the ADA claim is now undeniably extinguished.  Defendants further request that the Court decline to exercise jurisdiction over Plaintiff's remaining state claims, and dismiss the case.

Dated: April 28, 2016                           CORFEE STONE & ASSOCIATES


                                                <u>/s/ Catherine M. Corfee</u>
                                                Catherine Corfee
                                                Attorney for Defendant Keet Nerhan

5

S:\My Documents\sec\8657 Keet\Pleadings\4-21-16  Oppo Motion to Substitute Plaintiff.doc