UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PATRICK CONNALLY,<br><br>        Plaintiff,<br><br>v.<br><br>RINO FAIRFAX GAS, et al.,<br><br>        Defendants. | Case No. 15-cv-00601-JD<br><br>**ORDER RE MOTION TO SUBSTITUTE PLAINTIFF AND MOTION TO AMEND COMPLAINT**<br><br>Re: Dkt. Nos. 20, 23 |

Patrick Connally filed this suit in February 2015 alleging that barriers at Rino Fairfax Gas denied him full and equal access to the facility in a wheelchair. Dkt. No. 1. He brought one claim under the federal Americans with Disabilities Act (42 U.S.C. § 12101 *et seq.*, "ADA"), and three claims for violations of California state law. Defendants are Rino Fairfax Gas, Keet Nehran, and two other individuals doing business as Ferraro Fairfax Service. Plaintiff alleges the Court has federal question jurisdiction over the ADA claim and supplemental jurisdiction over the state law claims. *Id.* ¶ 3.

Connally died on February 1, 2016. Dkt. No. 20-1 at 1. His brother Michael Connally seeks to maintain the case by substituting in as plaintiff, Dkt. No. 20, and amending the complaint to add another disabled person, Harrison Benjamin Kinney, as another plaintiff. Dkt. No. 23. For reasons unknown to the Court and unexplained by the moving parties, Kinney recently filed a separate lawsuit on his own behalf that alleges the same claims against the defendants. *Kinney v. Rino Fairfax Gas*, No. 16-cv-3229, Dkt. No. 1 (N.D. Cal. June 10, 2016), which leaves the motion to add him as a plaintiff here in an odd position.

The pending motions are suitable for decision without oral argument pursuant to Civil Local Rule 7-1(b). The motions to substitute in Connally and amend the complaint are denied,

and the case is dismissed for lack of subject matter jurisdiction.

The reasons for these orders are straightforward. Michael Connally cannot succeed to his brother's ADA claim because it was extinguished at his death. Patrick Connally's ADA claim sought only injunctive relief, which "is the sole remedy available to private parties under the Disabilities Act; it does not authorize a claim for money damages." *Antoninetti v. Chipotle Mexican Grill, Inc.*, 643 F.3d 1165, 1174 (9th Cir. 2010). His "claims for injunctive relief are moot in light of his recent death." *See ISC, Inc. v. California*, 379 F. App'x 577, 577 (9th Cir. 2010) (citing *Kennerly v. United States,* 721 F.2d 1252, 1260 (9th Cir. 1983)). Because Patrick Connally's death extinguished the ADA claim, Michael Connally cannot be substituted as plaintiff for that claim. Fed. R. Civ. P. 25(a). And as a non-disabled person, Michael Connally concedes that he "would lack the requisite standing himself to maintain" the ADA claim. Dkt. No. 22 at 1.

That leaves only the pendant state law claims in the case, which the Court declines to hear now that the federal claim over which it had original jurisdiction has been extinguished. 28 U.S.C. § 1367(c)(3). As a general rule, "state law claims '*should*' be dismissed if federal claims are dismissed before trial." *Acri v. Varian Assocs., Inc*., 114 F.3d 999, 1000 (9th Cir. 1997) (quoting *United Mine Workers v. Gibbs*, 383 U.S. 715, 726 (1966)) (emphasis in original). No reasons have been proffered to vary from this usual practice and in any event it appears that basically the same claims against defendants have been alleged in Kinney's separate lawsuit.

The motion to amend the complaint to add Kinney and his claims is denied for similar reasons. Michael Connally initially asked to add Kinney "in lieu of filing a separate lawsuit on Mr. Kinney's behalf." Dkt. No. 23-2 at 2. But events have overtaken this proposal and the motion is moot in light of Kinney's filing of a separate suit. Connally does not say why allowing amendment of the complaint to repeat those same claims here would in any way be efficient and in the interest of justice, and the Court certainly cannot think of a good reason for it. *See* Fed. R. Civ. P. 15. Amendment is denied.

Case 3:15-cv-00601-JD   Document 29   Filed 06/16/16   Page 3 of 3

Because Patrick Connally's ADA claim has been extinguished, and the Court declines supplemental jurisdiction over his state law claims, the case is dismissed without leave to amend. The hearing set for June 29, 2016 is vacated and the Court directs the Clerk to close the case file.

**IT IS SO ORDERED.**

Dated: June 16, 2016

JAMES DONATO
United States District Judge

United States District Court
Northern District of California

3